# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DAVID A. HAMILTON, | : | |
| Plaintiff, | : | Case No. 3:03cv00273 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| LINKED TECHNOLOGIES, INC., et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

On October 4, 2005, the Court granted Defendant Linked Technologies, Inc.'s unopposed Motion to Compel and directed Plaintiff to provide certain documents to Defendant. (Doc. #s 11, 14). The Court further directed Defendant Linked Technologies to file an accounting of the attorney fees and costs it seeks in support of its Motion for Sanctions. (Doc. #14). Defendant Linked Technologies has since filed its accounting indicating that it seeks a total of $997.50 for attorney fees and costs. (Doc. #18). Plaintiff did not respond to Defendant's accounting, and as a result, Plaintiff was ordered to show cause, on or before November 11, 2005, why the monetary sanction in the amount sought by Defendant should not be granted. (Doc. #20). The Court also notified Plaintiff that "a failure to file a timely response to this Order may, in combination with Plaintiff's discovery omissions, warrant dismissal of this case. *See Bass v.*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)." (Doc. #20). Plaintiff failed to file a response to the Order to Show Cause.

"Dismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546, 550 (6th Cir. 1994). A party acts willfully "whenever there is a conscious and intentional failure to comply...." with a Court Order. *Bass*, 71 F.3d at 241. "[I]f a party has the ability to comply with discovery and does not, dismissal is not an abuse of discretion." *Bass*, 71 F.3d at 241 (parenthetically quoting *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1990)).

Four factors apply to analyzing whether a Complaint should be dismissed as a discovery sanction. "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; the third factor is whether the dismissed party was warned that the failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered." *Bass*, 71 F.3d at 241.

In the present case, Plaintiff's failure to respond to Defendant's Motion to Compel and his failure to show cause as required by the Order of October 28, 2005 leaves the record void of any explanation why Plaintiff did not cooperate in discovery, why the Court should not conclude that Plaintiff's discovery misconduct was not willful, and why sanctions should not be imposed. In addition, Plaintiff's failure to respond to the Order to Show Cause constitutes a willful act done despite the notice given to Plaintiff that his failure to respond might, together with his other

2

discovery misconduct, warrant dismissal of this case. *See* Doc. #20. Although the Court has considered imposing a less drastic monetary sanction, given Plaintiff's prior discovery misconduct in this case and his refusal to respond to an Order of this Court, a monetary sanction would be highly unlikely to succeed in gaining Plaintiff's compliance with future Court Orders in this case. Consequently, the applicable factors weigh heavily in favor of imposing the drastic sanction of dismissal upon Plaintiff.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be DISMISSED as a sanction for his willful discovery misconduct and his willful failure to respond to an Order of this Court; and

2. The case be terminated on the docket of this Court.


November 15, 2005

                                                    s/ Sharon L. Ovington
                                                         Sharon L. Ovington
                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).